IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-30066-WDS |
| | ) |
| KENNETH SCOTT MARTIN, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

**STIEHL, District Judge:**

In 2003, Kenneth Scott Martin was convicted of four felony counts and sentenced to 30 months in prison followed by 60 months' supervised release. On December 5, 2006, the United States Probation Department filed a petition to revoke the defendant's supervised release. (Doc. 4). In that petition, the Probation Department recommended that upon finding that the defendant had violated the terms of his supervised release, the Court sentence the defendant to 12 months' imprisonment, followed by 36 months' supervised release. It further recommended that as a special condition of supervised release, defendant be placed in a residential reentry center for 180 days upon his release from prison.

On December 27, 2006, the Court held a hearing on the petition to revoke defendant's supervised release. At the hearing, the defendant admitted the allegations contained in the petition, and the Court subsequently revoked his supervised release. In discussing the potential sentence to be imposed upon defendant, the defendant contested the Court's authority to require community confinement as a term of his supervised release. The parties were given time to fully brief the issue, and the Court rules as follows.

When imposing a discretionary condition of supervised release, the Court looks to 18 U.S.C. § 3583 for authority, which cross-references 18 U.S.C. § 3563, the probation statute. Section 3583(d) provides that "[t]he court may order, as a further condition of supervised release . . . any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." Subsection (b)(11) is, therefore, excluded as a condition of supervised release. Before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the condition codified at (b)(11) was intermittent confinement. The AEDPA deleted subsection (b)(2)—payment of a fine—and numbered former sections (b)(3) through (b)(22) as (b)(2) through (b)(21). Therefore, intermittent confinement is now set forth as (b)(10), and subsection (b)(11) now designates residency at a community corrections facility. Despite these changes to section 3563(b), no corresponding amendments were made to section 3583(d). Thus, it appears that intermittent confinement is now authorized as a condition of supervised release, while residency at a community corrections facility is not.

The government argues that such a reading of the statute would be absurd, especially since the statute clearly allows another form of community confinement—residential drug treatment—as a condition of supervised release. The government also points out that the Seventh Circuit has recently upheld sentences imposing community confinement as a condition of supervised release, and that several other circuits have found that the failure of congress to amend 18 U.S.C. § 3583(d) was a "clerical error." *See, United States v. Bahe*, 201 F.3d 1124 (9th Cir. 2000); *United States v. Griner*, 358 F.3d 979, 982 (8th Cir. 2004); *United States v. D'Amario*, 412 F.3d 253 (1st Cir. 2005); *United States v. Huffman*, 146 Fed. Appx. 939 (10th Cir.

2005).

This Court does not agree that reading the statute as written is absurd. Though the courts endeavor to interpret statutes to avoid absurdity, *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 976 (7th Cir. 2004), "[t]oday, the anti-absurdity canon is linguistic rather than substantive. It deals with texts that don't scan as written and thus need repair work, rather than statutes that seem poor fits for the task at hand." *Jaskolski v. Daniels*, 427 F.3d 456, 462 (7th Cir. 2005). When reading the statutes as they currently exist, the implications only seem odd when comparing the results to how the statutes used to read. This is not reason enough for the Court to modify the clear and unambiguous outcome supplied by the statute—that community confinement is not authorized as a discretionary condition of supervised release.

Neither is the Court persuaded by the government's argument that the statute is internally inconsistent since it now allows for residential drug treatment as a condition of supervised release, but not community confinement. Though the sentencing guidelines define "community confinement" as including residence in an alcohol or drug rehabilitation center, (*see* § 5F1.1 of the sentencing guidelines), drug and alcohol treatment as allowed under section (b)(9) of the supervised release statute, is clearly a more narrow option than generalized "community confinement." This Court can think of several reasons why congress would be willing to pay for drug and alcohol treatment, but not generalized community confinement, though it is not necessary for the Court to do so in interpreting and implementing the statute.

Further, it is not in the courts' purview to correct legislative "clerical errors," even though other circuits have chosen to do so. Though other circuits who have ruled that community confinement is still available as a condition of supervised release have justified their interpreta-

3

tion as merely correcting a clerical error, or resolving an editing mistake of congress, such interpretation nonetheless effectuates a substantive change in the reading of the statute. "Scholars as well as judges have recognized that a power to fix statutes substantively would give the Judicial Branch too much leeway to prefer its views about what makes for 'good' laws over those of the Legislative Branch." *Jaskolski*, 427 F.3d at 462. If congress wishes to allow community confinement as a condition of supervised release, they must amend the statute themselves.

As for the Seventh Circuit decisions cited by the government as "upholding" sentences imposing community confinement as a condition of supervised release, defendant correctly notes that none of these cases specifically presented the question that is now before the Court. "Under ordinary principles of the adversary system, [the Seventh Circuit does] not reach out to decide questions not before [them]." *Bethea v. Robert J. Adams & Assoc.*, 352 F.3d 1125, 1130-31 (7th Cir. 2003). Further, since the issue is not jurisdictional and does not necessarily involve a constitutional question, the appellate court would not raise this issue *sua sponte*. *See, e.g., Ali v. Gonzales*, 179 Fed. Appx. 951, 952 (7th Cir. 2006); *Anderer v. Jones*, 385 F.3d 1043, 1055 (7th Cir. 2004). Therefore, in contrast to the government's contention, the Seventh Circuit has not implicitly accepted imposition of community confinement as a condition of supervised release, and none of the cases cited by the government relating thereto are instructive.

Finally, even if the statutes can be read as internally inconsistent or ambiguous, the rule of lenity requires that any ambiguous penal statute be construed to favor the defendant. *United States v. R.L.C.*, 503 U.S. 291, 305 (1992). This rule of construction was pointed out by the only other district court in our circuit to deal with the issue presently before the Court. Judge

Adelman of the Eastern District of Wisconsin also concluded as this Court has—that community confinement is no longer authorized as a condition of supervised release. *See, United States v. Mills*, 186 F. Supp.2d 965 (E.D. Wis. 2002); *see also, United States v. Barrett*, 198 F. Supp.2d 1046 (S.D. Iowa 2002) (adopting Judge Adelman's reasoning).

For the reasons stated above, the Court **FINDS** that community confinement is not authorized by 18 U.S.C. § 3583, and the Court will not impose upon the defendant a condition of supervised release which violates the plain language of the statute. Sentencing of the defendant is hereby scheduled for Wednesday, January 17, 2007, at 1:30 p.m.

**IT IS SO ORDERED.**

**DATED: January 12, 2007.**

                                      **s/   WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**